### SANDERS v. LIFE INS. CO. OF VIRGINIA.
### No. 14701.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

Solomon S. Goldman, of New Orleans, for appellant.

Joseph Dardis, of New Orleans, for appellee.

JANVIER, Judge.

In 1912 the Life Insurance Company of Virginia issued a policy of life insurance to Eugene Sanders. The premiums were paid up to and including December 26, 1932. Thereafter no further premiums were paid. In the policy the assured was given the option, in the event of the lapse of the policy, of demanding the cash surrender value at any time within thirteen weeks of the lapse. The assured has not died, but long after the expiration of thirteen weeks made demand for the cash surrender value. This was refused by the defendant insurer. The purpose of this suit is to force defendant company to pay the said cash surrender value; the contention being that under Act No. 193 of 1906 an insurance company, such as defendant, is not per-

mitted to forefeit a policy for non-payment of premiums, but is required to pay to the insured, or to his beneficiaries in the case of death, the cash surrender value.

We have to-day held, in the matter of Succession of Watson v. Metropolitan Life Ins. Co., 156 So. 29, that the act referred to does not require the payment of a cash surrender value.

It may be that the insured, in the case before us, is entitled to extended insurance or paid up insurance; but since he has not exercised the option granted him by the company to demand the cash surrender value within thirteen weeks, and since that option has expired, there is neither legal nor contractual obligation in defendant company to pay the cash surrender value.

The exception of no cause of action should have been maintained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is further ordered, adjudged, and decreed that the exception of no cause of action be sustained and plaintiff's suit be and it is dismissed at his cost.

Reversed.